IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    8:13-CR-296 (TJM) |
| | ) | |
| **v.** | ) | **Government's Proposed Voir Dire** |
| | ) | |
| **PATRICK LLOYD, a.k.a.** | ) | |
| **"PROBLEM," "PROB," "P," and** | ) | |
| **MICHAEL SPENCER, a.k.a. "DON,"** | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure and the Court's pretrial order asks the Court to inquire into general matters concerning each potential juror, including the juror's name, city of residence, employment, educational background, and similar matters.  The United States further requests that the Court ask potential jurors the following questions:

1.      Does any juror know the United States Attorney for the Northern District of New York, Richard S. Hartunian?  Does anyone know the Assistant United States Attorneys representing the Government, Katherine Kopita and Cyrus P.W. Rieck?

2.      Does any juror know or have they had any dealings with defense counsel Roy Nestler or defense counsel Mark Kaplan?  Does any juror have family members or close relatives that have been represented by or done business with Mr. Nestler or Mr. Kaplan?

3.      Does any juror know any of the following individuals that may be witnesses or may be referenced in this trial:

> <u>Homeland Security Investigations:</u>
>
> Special Agent Christopher Revord
>
> Special Agent Tara Breen
>
> Task Force Officer Joseph Brown

Special Agent Reagan Dewey

Special Agent Mario Fiacco

United States Border Patrol:

Supervisory Agent Tony Moncibaiz

Agent Kevin White

Agent David Marston

Akwesasne Mohawk Tribal Police:

Tina Sunday

Marty Jock

Drug Enforcement Administration:

Forensic Chemist Michelle Camilleri

Forensic Chemist Michael White

New York State Police

Trooper Stephanie Simpson

Trooper Matthew Ross

Investigator Suzanne Ewing

James Calnon

Civilians:

Cooperating Witness #1

Cooperating Witness #2

Cooperating Witness #3

Cooperating Witness #4

Cooperating Witness #5[1]

4.      Does any juror know or have they had any dealings with the defendants in this case, Patrick Lloyd or Michael Spencer?

5.      Has any member of the jury been elected or appointed to a public office or position, or been an officer in a private corporation?

      (a)      If so, when?

      (b)      With what organization or entity?

      (c)      What was the office or position?

      (d)      What were your duties and responsibilities?

      (e)      Do you think that your experience in that office or position would in any way affect your ability to sit as a juror in this case?

6.      Has any juror served on a jury before in either a civil or criminal proceeding?

      (a)  Was it a civil or a criminal case?

      (b)  Without stating the verdict, please state whether the jury reached a verdict.

      (c)  Has your experience as a juror influenced your opinion of this case in any way?

      (d)  Will you be able to judge the facts of this case fairly and impartially based on the evidence presented to you without reference to your past participation as a juror?

      (e)  Will you accept the law as I give it to you without regard to what was said by any other judge in any other case?

      (f)  Do you feel that your participation as a juror at another time would in any way impair your ability to be a fair and impartial juror in the trial of this case?

7.      Has anyone ever served as a member of a Grand Jury?

---

[1] The government will supplement this filing with the names of the Cooperating Witnesses closer to the trial date.

(a)  Was it a Federal Grand Jury or a state or local Grand Jury?

(b)  Has your experience as a Grand Juror influenced your opinion of this case in any way?

(c)  Will you accept the law as I give it to you in this case without regard to any legal instructions you received in connection with serving as a Grand Juror?

(d)  Do you feel that your participation as a Grand Juror would in any way impair your ability to be a fair and impartial juror in the trial on this case?

8.    Were you ever in the military?

(a)  What years did you serve?

(b)  What branch of service were you in?

(c)  What was the characterization of your discharge [honorable, general (under honorable, conditions), etc.]?

(d)  Were you involved with military law enforcement?

(e)  Were you involved in any courts-martial?

(f)  In what capacity?

(g)  Did the court-martial panel reach a verdict?

(h)  Will your participation in the court-martial process in any way impair your ability to be a fair and impartial juror in the trial of this case?

9.    Does any juror have any experience in law enforcement or have a close relative or friend in law enforcement?

(a)  Have any jurors worked as a correctional officer?

(b)  Will your relationship with your friend or relative affect your ability to be fair and impartial?

(c)  Can you judge the testimony of law enforcement witnesses the same way you can judge the testimony of non-law enforcement witnesses?

10.     Does any juror have any training or educational experience in law enforcement?

11.     Do you have any strong moral, political, or religious convictions that would prevent you from passing judgment on another person or would in any way affect your deliberations in this case?

12.     For the following questions, please raise your hand if the answer is yes, and I will ask you to come up to the Bench to inquire further.

(a)  Have you or any family member or any close friend ever been charged with a crime?

　　　1.  What were the charges?

　　　2.  What was the outcome?

　　　3.  Would anything about that experience impair your ability to be an impartial juror in this case?

(b)  Have you or any family member or close friend had a problem with drugs?

　　　1.  What was the nature of the problem?

　　　2.  Would anything about that experience impair your ability to be an impartial juror in this case?

(c)  Have you ever had or do you now have any case or dispute with or claims against the United States Government?

(d)  Have you or any family member ever been the subject of an investigation or audit by any agency of the United States Government, or ever been a party in a prosecution or lawsuit involving the Federal Government?

(e)  Have you or any family member ever been the victim of any crime or participated in a criminal case as a complainant, a witness, or in some other capacity?

    1.  Without going into detail, please describe the nature of that experience.

    2.  Would anything about that experience make it difficult for you to serve as an impartial juror in this case?

13.    In this case, as in all criminal cases, the government bears the sole and exclusive burden of demonstrating each element of the charged offenses beyond a reasonable doubt.

(a) Proof beyond a reasonable doubt means to an evidentiary certainty and not a mathematical certainty.  Does everyone understand that the government does not have to prove the charged offense beyond all possible doubt?

(b) Does everyone understand that you may convict the Defendant of the charged offenses if you are convinced beyond a reasonable doubt, but not all possible doubt?

14.    The law requires that you base your verdict on the facts as you find them from the evidence.  The law does not permit you to consider any emotions at all such as sympathy, prejudice, vengeance, fear, or hostility for or against either side in this case.  Would you find it difficult to put these emotions out of your mind when deliberating on a verdict?

15.    Do you have any religious, moral, or philosophical beliefs that would make it difficult for you to render a guilty verdict even if you were convinced beyond a reasonable doubt that the Defendant committed the crime charged?

16.    Do you have any feelings, opinions, beliefs, or impressions that would interfere with your deciding this case solely on the evidence?

17.     Do you know of any other reason why you would be prejudiced for or against the United States or the Defendant because of the nature of the charges or otherwise?  Do you know of any reason why you could not be a fair and impartial juror in this case?

18.     Would you be able to find the defendants guilty of violating a law with which you disagree?

19.     Does anyone have a concern about hearing a case involving controlled substances, specifically heroin, cocaine, and crack cocaine?

20.     Do you believe that controlled substances should be legalized?

   (a)     If you do, would you be able to set aside your personal feelings and find the defendants guilty of violating a law prohibiting the possession or distribution of controlled substances?

21.     Has any juror ever belonged to an organization or group that advocates the legalization of any other controlled substance?

22.     Count 1 in this case is conspiracy to possess with the intent to distribute and to distribute controlled substances, specifically heroin, cocaine, and crack cocaine.  As the Court will instruct later, a conspiracy is simply an agreement between two or more individuals to engage in an unlawful act – in this case the possession of controlled substances with the intent to distribute or the distribution of controlled substances.  The agreement does not need to be formal and all of the parties to the conspiracy do not need to know each other.  Does that definition trouble anyone?

23.     If you find the defendants participated in the conspiracy, you will also have to make a determination about the quantity of controlled substances involved.  Under the law a person is accountable for the amount of drugs that he or she was personally involved with and what was

reasonably forseeable to him or her based on his or her participation in the conspiracy.  Does it concern anyone that that a defendants may be held accountable for the actions of others in conspiracy?

24.     If you were to learn that a co-defendant, co-conspirator, or accomplice of the defendants would testify against the defendant in this case, could you still decide this case impartially?

> (a) Are you satisfied that you could listen to the testimony of a co-conspirator or an accomplice and fairly weigh his or her credibility just as you would weigh the credibility of any other witness?

> (b)  This witness-defendant may have pled guilty, entered into a cooperation and plea agreement with the government, and may testify about his or her involvement with defendant and others in hopes of receiving a lesser sentence from the Court at the time of sentencing as a result of her cooperation.  Is there any member of the jury who right now feels that he or she could never return a verdict of guilty in any criminal case where an individual who had pled guilty to criminal charges and cooperated with the government in an attempt to receive a reduced sentence had been a witness for the government?

25.     Is there any member of the jury who objects to law enforcement personnel working with, instructing, or directing individuals who have pled guilty to criminal charges and are cooperating with the government in an attempt to receive a reduced sentence?

26.     Some of the evidence in this trial may consist of recordings of telephone calls and/or text messages of the defendant and/or others intercepted by law enforcement under court authorization. These investigative techniques are lawful and you may properly consider the evidence obtained in this manner. Would you have any difficulty in accepting the use of such evidence or in evaluating such evidence fairly and impartially?

RICHARD S. HARTUNIAN
UNITED STATES ATTORNEY

BY:     ***/s/ Katherine Kopita***
        Katherine Kopita
        Cyrus P.W. Rieck
        Assistant United States Attorney
        Bar Roll No. 517944, 518933

**<u>Certificate of Service</u>**

I, Katherine Kopita, hereby certify that I served a copy of this request on defense counsel by

electronic filing.

August 3, 2015                          ***/s/ Katherine Kopita***
                                        Katherine Kopita
                                        Assistant U.S. Attorney