IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    8:13-CR-296 (TMJ) |
| | ) | |
| **v.** | ) | **GOVERNMENT'S PROPOSED JURY** |
| | ) | **INSTRUCTIONS** |
| | ) | |
| **PATRICK LLOYD, a.k.a. "Problem,"** | ) | |
| **"Prob," "P," and** | ) | |
| **MICHAEL SPENCER," a.k.a. "DON,"** | ) | |
| | ) | |
| **Defendant.** | ) | |

The United States of America, by and through its counsel of record, the United States

Attorney for the Northern District of New York, herby files its proposed jury instructions.


Dated July 31, 2015                         Respectfully submitted,

                                            RICHARD S. HARTUNIAN
                                            United States Attorney


                        By:    /s/ Katherine Kopita
                               ─────────────────────────
                               Katherine Kopita
                               Cyrus P.W. Rieck
                               Assistant United States Attorneys
                               Bar Roll Nos. 517944 and 518933

**Instruction No.**                                                                    **Page No.**

1.  JUROR ATTENTIVENESS ........................................................................... 1

2.  ROLE OF THE COURT................................................................................. 2

3.  ROLE OF THE JURY ................................................................................... 3

4.  JUROR OBLIGATIONS ............................................................................... 5

5.  THE GOVERNMENT AS A PARTY ............................................................ 6

6.  CONDUCT OF COUNSEL........................................................................... 7

7.  IMPROPER CONSIDERATIONS: RACE, RELIGION, NATIONAL ORIGIN, SEX OR
    AGE ............................................................................................................... 8

8.  SYMPATHY.................................................................................................. 9

9.  CONTACT WITH OTHERS ....................................................................... 10

10. PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF ................. 11

11. REASONABLE DOUBT ............................................................................. 12

12. DIRECT AND CIRCUMSTANTIAL EVIDENCE ...................................... 13

13. QUESTIONS ............................................................................................... 14

14. TESTIMONY, EXHIBITS, AND STIPULATIONS IN GENERAL ............. 15

15. STIPULATION OF FACTS ........................................................................ 16

16. WIRETAPS................................................................................................. 17

17. TRANSCRIPTS OF ELECTRONIC RECORDINGS ................................. 18

18. ADMISSION OF CODEFENDANT............................................................ 19

19. IMPROPER CONSIDERATION OF DEFENDANT'S RIGHT NOT TO TESTIFY (IF
    APPLICABLE) ............................................................................................ 20

20. DEFENDANT'S INTEREST IF DEFENDANT TESTIFIES (IF APPLICABLE) ......... 21

i

21. WITNESS CREDIBILITY—GENERAL INSTRUCTION ............................................. 22

22. ACCOMPLICES CALLED BY THE GOVERNMENT ................................................ 24

23. GOVERNMENT WITNESS—NOT PROPER TO CONSIDER GUILTY PLEA ......... 26

24. MULTIPLE COUNTS—MULTIPLE DEFENDANTS.................................................. 27

25. FAILURE TO NAME A DEFENDANT....................................................................... 28

26. COUNT 1—THE CONSPIRACY CHARGE ............................................................. 29

27. THE STATUTE—COUNT 1 ..................................................................................... 31

28. PURPOSE OF THE STATUTE ................................................................................ 32

29. ELEMENTS OF CONSPIRACY .............................................................................. 33

30. DATES..................................................................................................................... 34

31. EXISTENCE OF AGREEMENT ............................................................................... 35

32. MEMBERSHIP IN THE CONSPIRACY ................................................................... 36

33. ACTS AND DECLARATIONS OF THE COCONSPIRATORS ................................. 39

34. OBJECT OF THE CONSPIRACY ........................................................................... 41

35. OBJECT OF THE CONSPIRACY—ELEMENTS OF POSSESSION WITH INTENT

    TO DISTRIBUTE .................................................................................................... 42

36. OBJECT OF THE CONSPIRACY—ELEMENTS OF DISTRBUTION OF A

    CONTROLLED SUBSTANCE.................................................................................. 43

37. DEFINITION OF POSSESSION ............................................................................. 44

38. DEFINITION OF DISTRIBUTION............................................................................ 46

39. KNOWINGLY, INTENTIONALLY, AND WILLFULLY ............................................. 47

40. KNOWLEDGE, WILLFULNESS, INTENT .............................................................. 48

41. CONSCIOUS AVOIDANCE OF KNOWLEDGE ...................................................... 49

42. QUANTITY—AMOUNT INVOLVED IN THE CONSPIRACY ................................... 50

43. QUANTITY—AMOUNT ATTRIBUTABLE TO EACH DEFENDANT IN

     CONSPIRACY ........................................................................................................ 51

44. COUNT 2—POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG

     TRAFFICKING CRIME ............................................................................................. 53

45. THE STATUTE—COUNT 2 ....................................................................................... 54

46. ELEMENTS OF THE OFFENSE ................................................................................. 55

47. FIRST ELEMENT: COMMISSION OF THE PREDICATE CRIME............................ 56

48. SECOND ELEMENT: KNOWING POSSESSION OF A FIREARM IN RELATION TO

     THE COMMISSION OF THE PREDICATE CRIME.................................................... 57

49. PINKERTON CHARGE ............................................................................................. 58

50. QUANTITY—SPECIAL VERDICT QUESTIONS ....................................................... 60

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 01

JUROR ATTENTIVENESS

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law.  You must pay close attention to me now.  I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe the witnesses who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty.  Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.[1]

---

[1] 1-2 Leonard B. Sand et al., Modern Federal Jury Instructions—Criminal ¶ 2.01, at Instruction 2-1 (2014) (hereinafter, "Modern Federal—Criminal")

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 02

ROLE OF THE COURT

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instruction of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a while when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon and other view of the law that that which I give you.[2]

_____

[2] 1-2 Modern Federal—Criminal ¶ 2.01, at Instruction 2-2.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 03

ROLE OF THE JURY

Your final role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you may decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in the questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

3

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inferences from the fact that upon occasion I asked questions of certain witnesses.  These question were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinion on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice as to any party.[3]

---

[3] 1-2 Modern Federal—Criminal ¶ 2.01, at Instruction 2-3.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 04

JUROR OBLIGATIONS

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias.  On the faith of those answers, the juror was accepted by the parties.  Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.[4]

---

[4] 1-2 Modern Federal—Criminal ¶ 2.01, at Instruction 2-4.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 05

THE GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern for the community.  Equally, it is important to the defendant, who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.[5]

---

[5] 1-2 Modern Federal—Criminal ¶ 2.01, at Instruction 2-5.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 06

CONDUCT OF COUNSEL

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.[6]

---

[6] 1-2 Modern Federal—Criminal ¶ 2.01, at Instruction 2-8.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 07

IMPROPER CONSIDERATIONS: RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age.  All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with you decisionmaking process.

To repeat, your verdict must be based exclusively upon the evidence or lack of evidence in the case.[7]

---

[7] 1-2 Modern Federal—Criminal ¶ 2.01, at Instruction 2-11.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 08

SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilty of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charges solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let your fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving the defendant's guilty beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.[8]

---

[8] 1-2 Modern Federal—Criminal ¶ 2.01, at Instruction 2-12.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 09

CONTACT WITH OTHERS

During your deliberations, you should not discuss, or provide any information about, the case with anyone.  This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook, LinkedIn, Twitter, blogging or any Internet chat room, web site, or other feature.  In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors and only then while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet.  Information that you may find on the Internet or in printed reference might be incorrect or incomplete.  In our court system, it is important that you not be influenced by anyone or anything outside this courtroom.  Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.[9]

---

[9] 1-2 Modern Federal—Criminal ¶ 2.01, at Instruction 2-21.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 10

PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

The defendants have pleaded not guilty to the charges in the Indictment.  To convict a defendant, the burden is on the prosecution to prove the defendant's guilt of each element of the charge beyond a reasonable doubt.  This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the Government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.[10]

---

[10] 1-4 Modern Federal—Criminal ¶ 4.01, at Instruction 4-1.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 11

REASONABLE DOUBT

Since, in order to convict the defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: what is a reasonable doubt? The words almost define themselves.  It is a doubt based upon reason.  It is a doubt that a reasonable person has after carefully weighing all the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim.  It is not speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against him or her, you must find the defendant not guilty of that charge.  One the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against him or her, you should find the defendant guilty of that charge.[11]

_____

[11] 1-4 Modern Federal—Criminal ¶ 4.01, at Instruction 4-2.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 12

DIRECT AND CIRCUMSTANTIAL EVIDENCE

In deciding whether or not the government has met its burden of proof, you may consider both direct and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside.  Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat.  Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But, on the combination of the facts about the umbrella and raincoat, it would be reasonable for you to infer that it had begun to rain.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer from facts the existence or nonexistence of some other fact.  Please note, however, that it is not a matter of speculation of guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.[12]

---

[12] 1-5 Modern Federal—Criminal ¶ 5.01, at Instruction 5-2.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

QUESTIONS

Let me emphasize that a lawyer's questions are not evidence.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simple because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?"  You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had beaten his wife.

In short, questions are not evidence; answers are.[13]

---

[13] 1-5 Modern Federal—Criminal ¶ 5.01, at Instruction 5-3.

14

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14

TESTIMONY, EXHIBITS, AND STIPULATIONS IN GENERAL

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received into evidence, and stipulations.

Exhibits which have been marked for identification but not received into evidence may not be considered by you as evidence.  Only those exhibits received into evidence may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken.  As I indicated before, only the witnesses' answers are evidence and you are not to consider a question as evidence.  Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.[14]

---

[14] 1-5 Modern Federal—Criminal ¶ 5.02, at Instruction 5-4.  The reference to "judicially noticed facts" in this instruction has been deleted.

15

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

STIPULATION OF FACTS

A stipulation is an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true.[15]

---

[15] 1-5 Modern Federal—Criminal ¶ 5.02, at Instruction 5-6.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16

WIRETAPS

The government has offered evidence in form of electronic recordings or telephone calls and text messages with defendants and others which were obtained without the knowledge of the parties to the conversations, but with the consent and authorization of the court.  These so-called "wiretaps" were lawfully obtained.

The use of this procedure to gather evidence is perfectly lawful and the government is entitled to use these wiretaps in this case.[16]

---

[16] 1-5 Modern Federal—Criminal ¶ 5.04, at Instruction 5-11.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 17

TRANSCRIPTS OF ELECTRONIC RECORDINGS

The government has been permitted to display a document which it prepared containing the government's interpretation of what appears on the electronic recordings which have been received as evidence.  Those were provided as an aid or guide to assist you in listening to the recordings.  However, they are not in and of themselves evidence.  Therefore, when the recordings were played I advised you to listen very carefully to the recordings themselves.  You alone should make your own interpretation of what appears on the recordings based on what you heard.  If you think you heard something differently than appeared on the transcript then what you heard is controlling.

Let me say again, you, the jury, are the sole judges of the facts.[17]

---

[17] 1-5 Modern Federal—Criminal ¶ 5.04, at Instruction 5-9.

18

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18

ADMISSION OF CODEFENDANT

As I instructed you earlier, you are cautioned that the evidence of one defendant's statement to the authorities after his arrest about his own conduct may not be considered or discussed by you in any way with respect to any defendant on trial other than the defendant who made the statement.[18]

---

[18] 1-5 Modern Federal—Criminal ¶ 5.07, at Instruction 5-20.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 19

IMPROPER CONSIDERATION OF DEFENDANT'S RIGHT NOT TO TESTIFY (IF APPLICABLE)

The defendants chose not to testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt.  A defendant is never required to prove that he or she is innocent.

Therefore, you must not attach any significance to the fact that a given defendant did not testify.  No adverse inference against a defendant may be drawn by you because he or she did not take the witness stand, and you may not consider it in any way in you deliberations in the jury room.[19]

---

[19] 1-5 Modern Federal—Criminal ¶ 5.07, at Instruction 5-21.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 20

DEFENDANT'S INTEREST IF DEFENDANT TESTIFIES (IF APPLICABLE)

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his or her own behalf.  In this case, the defendant(s) decided to testify.  You should examine and evaluate his or her testimony just as you would the testimony of any witness with an interest in the outcome of this case.[20]

---

[20] 1-7 Modern Federal—Criminal ¶ 7.01, at Instruction 7-4.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 21

WITNESS CREDIBILITY—GENERAL INSTRUCTION

It must be clear to you by now that the government and the defendants are asking you to draw very different conclusions about various factual issues in the case.  Deciding these issues will involve making judgments about the testimony of witnesses you have listened to and observed.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  How did the witness appear?  Was the witness candid, frank, and forthright; or, did the witness seems to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what he or she was talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias.  Does the witness have a relationship with the government or the defendant that may affect how he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice, or hostility that may cause the witness to have you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about.  Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case?

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.[21]

---

[21] 1-7 Modern Federal—Criminal ¶ 7.01, at Instruction 7-1.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 22

ACCOMPLICES CALLED BY THE GOVERNMENT

You have heard witnesses who testified that they were actually involved in the planning and carrying out of the crimes charged in the Indictment.  There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all of the arguments made on both sides.  However, let me say a few things that you may want to consider in your deliberations on the subject of accomplices.

You should ask yourself whether these so-called accomplices would benefit more by lying, or by telling the truth.  Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which could cause him

24

to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

In sum, you should look at all the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witness.[22]

---

[22] 1-7 Modern Federal—Criminal ¶ 7.01, at Instruction 7-5.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 23

GOVERNMENT WITNESS—NOT PROPER TO CONSIDER GUILTY PLEA

You have heard testimony from government witnesses who pled guilty to charges arising out of the same facts as this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges.  That witness' decision to plead guilty was a personal decision about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendants on trial here.[23]

---

[23] 1-7 Modern Federal—Criminal ¶ 7.01, at Instruction 7-10.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 24

MULTIPLE COUNTS—MULTIPLE DEFENDANTS

The Indictment contains a total of two (2) counts.  Each count charges the defendant with a different crime.

There are two (2) defendants on trial before you.  You must, as a matter of law, consider each count of the Indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he or she is charged.

In reaching your verdict, bear in mind that guilt is personal and individual.  Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant.  The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count.  No other considerations are proper.[24]

---

[24] 1-3 Modern Federal—Criminal ¶ 3.01, at Instruction 3-8.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 25

FAILURE TO NAME A DEFENDANT

You may not draw any inference, favorable or unfavorable, towards the government or the defendant on trial, from the fact that certain persons were not named as defendants in the Indictment or that certain persons are alleged to be co-conspirators but were not indicted.  The circumstances that these persons were not indicted must play no part in your deliberations, except that you may consider whether the witness' testimony should be believed because he had been granted immunity.

Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendant on trial.[25]

_____

[25] 1-3 Modern Federal—Criminal ¶ 3.01, at Instruction 3-4 (amended to replace "or that certain persons were named as co-conspirators but not indicted," with "or that certain persons are alleged to be co-conspirators but were not indicted").

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 26

COUNT 1—THE CONSPIRACY CHARGE

Count 1 charges both defendants with conspiracy to possess with intent to distribute and to distribute a controlled substance.

Count 1 of the Indictment states:

From in or about 2012 and on or about September 5, 2013, in St. Lawrence, Franklin, and Clinton Counties and elsewhere, the defendants, **PATRICK LLOYD, aka "PROBLEM," "PROB," and "P," MICHAEL SPENCER aka "DON," BERNIE RUSSO, JUSTIN BRAILSFORD, TRAVIS MOORE, aka "BUTTER," and ZACHARY HUTO,** and others known and unknown conspired to knowingly and intentionally possess with intent to distribute and to distribute one or more controlled substances, in violation of Title 21, United States Code, Section 846 and 841(a)(1).  As to defendants **PATRICK LLOYD, aka "PROBLEM," "PROB," and "P," MICHAEL SPENCER, aka "DON," and TRAVIS MOORE,** that violation involved 280 grams or more of a mixture and substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, one kilogram or more or a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A), and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).  As to defendants **BERNIE RUSSO, JUSTIN BRAILSFORD, and ZACHARY HUTO,** that violation involved heroin, a Schedule 1 controlled substance, and cocaine, a Schedule II controlled substance, in violation of Title 21 United States Code, Section 841(b)(1)(C)

29

The defendants have denied that they are guilty of this charge.[26]

---

[26] 1-3 Modern Federal—Criminal ¶ 3.01, at Instruction 3-2; Indictment, Case No. 8:13-CR-296 (GLS).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 27

THE STATUTE—COUNT 1

The relevant statute with respect to Count 1 is Title 21, United States Code, Section 846.

That statute provides:

"Any person who . . . conspires to commit any offense defined in this subchapter shall be" guilty of a crime.[27]

---

[27] 1-3 Modern Federal—Criminal ¶ 3.01, at Instruction 3-9; 21 U.S.C. § 846.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 28

PURPOSE OF THE STATUTE

In this case, the defendant is accused of having been a member of a conspiracy to violate certain federal laws. A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the conspiracy was not actually committed. In other words, the government is not required to prove that the parties to or members of the agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy. Moreover, you may find the defendant guilty of conspiracy despite the fact that he himself or she herself was incapable of committing the substantive crime.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because the collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.[28]

---

[28] 1-19 Modern Federal—Criminal ¶ 19.01, at Instruction 19-2.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 29

ELEMENTS OF CONSPIRACY

In order to satisfy its burden of proof, the government must establish the following three elements beyond a reasonable doubt:

*First*, that two or more persons entered into the unlawful agreement charged in Count 1 of the Indictment;

*Second*, that the defendant knowingly and willfully became a member of the conspiracy; and

*Third*, that the conspiracy involved the possession with intent to distribute or distribution of one or more controlled substances.[29]

---

[29] 1-19 Modern Federal—Criminal ¶ 19.01, at Instruction 19-3 (amended); *United States v. Santos*, 541 F.3d 63, 70-71 (2d Cir. 2008).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 30

DATES

While we are on the subject of elements, I should draw your attention to the fact that it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, if fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by testimony or exhibits.[30]

---

[30] 1-3 Modern Federal—Criminal ¶ 3.01, at Instruction 3-12.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 31

EXISTENCE OF AGREEMENT

The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreement charged in Count 1 of the Indictment.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged coconspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detain of the scheme or the means by which its object or purpose was to be accomplished. What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.[31]

---

[31] 1-19 Modern Federal—Criminal ¶ 19.01, at Instruction 19-4.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 32

MEMBERSHIP IN THE CONSPIRACY

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly, willfully and voluntarily became a member if the conspiracy.

If you are satisfied that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were.  In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy.  Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome.  You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the Indictment.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of at least some of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences which may be drawn from them.

36

The defendant's knowledge is a matter of inference from the facts proved.  In that connection, I instruct you that to become a member of the conspiracy, the defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities.  Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part.  Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not make the defendant a member.  A person may know, or be friendly with, a criminal, without being a criminal himself.  Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  What is necessary is that the defendant and at least one other person must have knowingly and deliberately arrived at some

37

type of agreement or understanding that they, and perhaps others, would violate federal law by means of some common plan or course of action as alleged in Count 1 of the Indictment.  It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charge of conspiracy.[32]

---

[32] 1-19 Modern Federal—Criminal ¶ 19.01, at Instruction 19-6 (last two paragraphs amended to account for lack of overt act requirement).

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 33</u>

<u>ACTS AND DECLARATIONS OF THE COCONSPIRATORS</u>

You will recall that I have admitted into evidence against the defendant the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also confederates or coconspirators of the defendant on trial.

The reason for allowing this evidence to be received against the defendant has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonable foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a member of the conspiracy charged in the Indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of the conspiracy, may be considered against that defendant.  This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a coconspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the

39

conspiracy or if they were not done or said in furtherance of the conspiracy, they may be

considered by you as evidence only against the member who did or said them.[33]

---

[33] 1-19 Modern Federal—Criminal ¶ 19.01, at Instruction 19-9.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 34

OBJECT OF THE CONSPIRACY

With respect to the third element, it is alleged that the object of the conspiracy was the possession with intent to distribute and distribution one or more controlled substances—more specifically, heroin, cocaine, and cocaine base, which is commonly known as "crack."

I instruct you that heroin, cocaine, and cocaine base are controlled substances.

I will now explain the elements of possession of a controlled substance with intent to distribute and distribution of a controlled substance, as well as the concepts of "possession" and "distribution."  As I do so, bear in mind that, as I have just described, in order for you to find the defendant guilty of conspiring to commit one of these crimes, you do not need to find that the object of the conspiracy was actually accomplished or that the underlying crimes were actually committed.  Instead, you simply need to find that the defendant conspired to commit one of those crimes.[34]

---

[34] 21 U.S.C. §§ 812, 841; *United States v. Anderson*, 747 F.3d 51, 60-2(2d Cir. 2014); *United States v. Andino*, 627 F.3d 41, 45-46 (2d Cir. 2010).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 35

OBJECT OF THE CONSPIRACY—ELEMENTS OF POSSESSION WITH INTENT TO DISTRIBUTE

In order to prove the offense of possession of a controlled substance with intent to distribute, the government must establish beyond a reasonable doubt each of the following three elements of the crime:

*First*, that a person possessed a controlled substance;

*Second*, that the person knew that he possessed a controlled substance; and

*Third*, that the person possessed the controlled substance with intent to distribute it.[35]

---

[35] 3-56 Modern Federal—Criminal ¶ 56.01, at Instruction 56-2; *United States v. Davis*, 690 F3d. 127 (2d Cir. 2012); *United States v. Baxter*, 303 F. App'x 40, 41-42 (2d Cir. 2008); *United States v. Rodriguez*, 392 F.3d 539, 545 (2d Cir. 2004).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 36

OBJECT OF THE CONSPIRACY—ELEMENTS OF DISTRBUTION OF A CONTROLLED SUBSTANCE

In order to prove the offense of distribution of a controlled substance, the government must establish beyond a reasonable doubt each of the following two elements of the crime:

*First*, that a person distributed a controlled substance; and

*Second*, that the defendant distributed the controlled substance knowingly.[36]

---

[36] 3-56 Modern Federal—Criminal ¶ 56.01, at Instruction 56-2.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 37

DEFINITION OF POSSESSION

Actual possession is what most of us think of as possession; that is having physical custody of control of an object.  For example, if you find that the person had the drugs on his body, you may find that he had possession of the drugs.  However, a person need not have actual physical custody of an object in order to be in legal possession of it.  If an individual has the ability and intent to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item.  An example of this from everyday experience would be a person's possession of items he keeps in the safe deposit box of a bank.  Although the person does not have physical custody of those items, he exercises substantial control over them and so he has legal possession of them.

The law also recognizes that possession may be sole or joint.  If one person alone possesses something, that is sole possession.  However, it is possible that more than one person may have the power and intention to exercise control over drugs.  This is called joint possession.  If you find that the person had such power and intention, then he possessed the drugs under this element even if he possessed the drugs jointly with another.

Here is an example.  Suppose A is negotiating the price of heroin with C.  Standing next to A is B, who has several envelopes of heroin in his pocket.  After a period of negotiation, A directs B to hand over to C a few of the envelopes.  C then hands A some money.  In this situation, you could find that B had possession of the controlled substance because he had them in his pocket.  However, you could find that A also had possession of the controlled substance because of his proximity to the drugs, his association with B, the person in actual possession of

44

them, and his negotiations over the price.  This example is not conclusive, but is simply meant to illustrate these concepts.

Possession of drugs cannot be found solely on the ground that the person was near or close to the drugs.  Nor can it be found simply because the person was present at a scene where drugs were involved, or solely because the person associated with another person who did control the drugs or the property where they were found.  However, these factors may be considered by you, in connection with all other evidence, in making your decision whether the person possessed the drugs.[37]

---

[37] 3-56 Modern Federal—Criminal ¶ 56.01, at Instruction 56-4.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 38

DEFINITION OF DISTRIBUTION

The word "distribute" means to deliver a controlled substance.  "Deliver" is defined as the actual, constructive or attempted transfer of a controlled substance.  Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, a controlled substance.

For example, if A tells or orders B to hand over the drugs to C, then A has caused the drugs to be handed over, and therefore has distributed them.

Distribution does not require a sale.  Activities in furtherance of the ultimate sale, such as supplying or delivering the drugs may constitute distribution.  In short, distribution requires concrete involvement in the transfer of the drugs.[38]

---

[38] 3-56 Modern Federal—Criminal ¶ 56.01, at Instruction 56-10.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 39

KNOWINGLY, INTENTIONALLY, AND WILLFULLY

You have been instructed that in order to sustain its burden of proof, the government must prove that the defendant acted knowingly, intentionally and willfully.

A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.  Whether the defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully.  That is, the defendant's acts must have been the product of the defendant's conscious objective rather than the product of a mistake or accident.

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law.

The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake[39]

---

[39] 1-3A Modern Federal—Criminal ¶ 3A.01, at Instruction 3A-1, 3A-3, 3A-4.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 40

KNOWLEDGE, WILLFULNESS, INTENT

Knowledge, willfulness and intent involve the state of a person's mind.  It has often been said to juries that the state of one's mind is a fact as much as the state of his digestion. Accordingly this is a fact you are called upon to decide.

Medical science has not yet devised an instrument which can record what was in one's mind in the distant past.  Rarely is direct proof available to establish the state of one's mind. This may be inferred from what a person says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act occurred long after its occurrence.  Accordingly, intent, willfulness and knowledge are usually established by surrounding facts and circumstances as of the time of the acts in questions occurred, or the events took place, and the reasonable inferences to be drawn from them.[40]

---

[40] 1-6 Modern Federal—Criminal ¶ 6.06, at Instruction 6-17.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 41

CONSCIOUS AVOIDANCE OF KNOWLEDGE

There are many facts which one does not know with certainty.  Nevertheless, a person may not willfully and intentionally remain ignorant of fact, important and material to his conduct, in order to escape the consequences of the law.  Thus, the element of knowledge of a particular fact may be satisfied if the defendant was aware of a high probability of the fact's existence, unless he actually believes the contrary to be true.  A showing or negligence, mistake, or even foolishness on the part of a defendant is not enough to support an inference of knowledge.  However, a person may not deliberately close his eyes to what would otherwise have been obvious to him.[41]

---

[41] *See United States v. Nektalov*, 461 F.3d 309, 313 (2d Cir. 2006); *United States v. Schultz*, 333 F.3d 393, 413-14 (2d Cir. 2003); *United States v. Sicignano*, 78 F.3d 69, 71-72 (2d Cir. 1996); *United States v. Rodriguez*, 983 F.2d 455, 457-58 (2d Cir. 1993); *United States v. Feroz*, 848 F.2d 359, 361 (2d Cir. 1988); *United States v. Morales*, 577 F.2d 769, 774 & n.4 (2d Cir. 1978)

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 42

QUANTITY—AMOUNT INVOLVED IN THE CONSPIRACY

If you find the defendant guilty on Count 1 of the Indictment, you must make a determination as to the quantity of heroin, cocaine, and/or cocaine base for which he or she is responsible.

With respect to Count 1, the conspiracy count, you should determine the total amount of heroin, cocaine, and/or cocaine base involved in the conspiracy. The quantity or amount of heroin, cocaine, and cocaine base includes not only the quantity that the members of the conspiracy actually distributed or possessed with intent to distribute, but also the quantity that they conspired or agreed to distribute or possess with intent to distribute. In other words, you should consider the quantity that members of the conspiracy intended to distribute. In this regard, an agreement to distribute or to possess with intent to distribute a specific amount of an illegal drug evidences an intent to distribute it. Negotiations ordinarily constitute reliable admissions as to a defendant's intent to distribute a particular quantity of an illegal drug in the course of a conspiracy.

However, the quantity under negotiation is not to be included in your consideration if you find that the participants in the conspiracy were not reasonably capable of distributing or possessing with intent to distribute the negotiated amount. The government bears the burden of proving beyond a reasonable doubt that the conspirators intended to distribute the amount of illegal drugs charged in the Indictment.[42]

---

[42] *United States v. Thomas*, 274 F.3d 655, 660 (2d Cir. 2001); *United States v. Gonzalez*, 420 F.3d 111, 129 (2d Cir. 2005); *United States v. Dallas*, 229 F.3d 105, 109 (2d Cir. 2000); *United States v. Hazut*, 140 F.3d 187, 191 (2d Cir. 1998); *United States v. Desimone*, 119 F.3d 217, 228-29 (2d Cir. 1997).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 43

QUANTITY—AMOUNT ATTRIBUTABLE TO EACH DEFENDANT IN CONSPIRACY

Once you have determined the total quantity of heroin, cocaine, and cocaine base, if any, involved in the conspiracy, you must decide the quantity attributable to the defendant you find guilty of being involved in the conspiracy. In essence, you must make a determination as to the amount of heroin, cocaine, and/or cocaine base he knew or reasonably could have foreseen as being involved in the conspiracy.

A defendant is responsible for not only his or her own actions but also for those of his or her co-conspirators, if those actions were known or were reasonably foreseeable to the defendant, and if they were in furtherance of the conspiracy. If you have found, beyond a reasonable doubt, that a defendant was a participant in the conspiracy charged in the Indictment, he may be liable for any drug quantities his co-conspirators conspired to distribute or possess with intent to distribute. This reflects the philosophy of Congress that drug conspiracies are a more significant threat to society than the activities of individual drug dealers.

Before holding the defendant liable for agreements made or acts done by his co-conspirators, however, you must also find that such agreements or acts were known or were reasonably foreseeable to the defendant. In other words, they must fall within the scope of the agreement between the defendant and the other conspirators. For example, if a defendant agrees to aid a large-volume dealer in completing a single, small sale of drugs, the defendant will not be liable for prior or subsequent acts of the dealer that were not reasonably foreseeable to him.

Your determination as to the quantity of heroin, cocaine, and/or cocaine base attributable to the defendant should therefore include any amounts you find, beyond a reasonable doubt, that the defendant him or herself conspired to distribute or possess with intent to distribute. It should

also include any amounts you find, beyond a reasonable doubt, were known or were reasonably foreseeable to the defendant and that the defendant's conspirators, in furtherance of the conspiracy, conspired to distribute or possess with intent to distribute.[43]

---

[43] *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Santos*, 541 F.3d 63, 70 (2d Cir. 2008); *United States v. Martinez*, 987 F,2d 920, 924 (2d Cir. 1993); *United States v. Jones*, 965 F.2d 1057, 1517 (8th Cir. 1992); *cert. denied*, 506 U.S. 924 (1992); *United States v. Jackson*, 335 F.3d 170, 180-81 (2d Cir. 2003); 1-19 Modern Federal—Criminal ¶ 19.01, at Instruction 19-9.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 44

COUNT 2—POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME

Count 2 charges the defendants with possession of a firearm in furtherance of a drug trafficking crime.

Count 2 of the Indictment states:

Between in or about 2012 and on or about September 5, 2013, in St. Lawrence and Franklin Counties in the Northern District of New York, the defendants, **PATRICK LLOYD, aka "PROBLEM," "PROB," and "P," and MICHAEL SPENCER, aka "DON,"** in furtherance of a drug trafficking crime for they may be prosecuted in a court of the United States, that is a violation of Title 21, United States Code, Section 846, knowingly possessed one or more firearms, that is a 9mm Taurus handgun, a .25 caliber Titan handgun, and an Orion flare gun converted to fire a .22 caliber round, in violation of Title 81, United States Code, Section 924(c)(1)(A).[44]

---

[44] 1-3 Modern Federal—Criminal ¶ 3.01, at Instruction 3-2; Indictment, Case No. 8:13-CR-296 (TMJ).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 45

THE STATUTE—COUNT 2

The relevant statute, Title 18, United States Code, 924(c), provides:

[A]ny person who, during and in relation to any … drug trafficking crime … for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm shall [be guilty of a crime].[45]

---

[45] 2-35 Modern Federal—Criminal ¶ 35.14, at Instructions 35-85; 18 U.S.C. § 924(c)(1)(A).

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 46</u>

<u>ELEMENTS OF THE OFFENSE</u>

The government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving the defendant guilty:

*First*, that the defendant committed a drug trafficking crime for which he might be prosecuted in a court of the United States.

*Second*, that the defendant knowingly possessed a firearm in furtherance of that drug trafficking crime.[46]

---

[46] 2-35 Modern Federal—Criminal ¶ 35.14, at Instructions 35-87.

55

<u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 47</u>

<u>FIRST ELEMENT: COMMISSION OF THE PREDICATE CRIME</u>

The first element the government must prove beyond a reasonable doubt is that the defendant committed a drug trafficking crime for which he might be prosecuted in a court of the United States.

I instruct you that the crime of conspiracy to possess with intent to distribute and to distribute controlled substances is a drug trafficking crime.  However, it is for you to determine that the government has proven beyond a reasonable doubt that the defendant committed the crime of conspiracy to possess with intent to distribute and to distribute controlled substances as charged.[47]

---

[47] 2-35 Modern Federal—Criminal ¶ 35.14, at Instructions 35-88.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 48

SECOND ELEMENT: KNOWING POSSESSION OF A FIREARM IN RELATION TO THE COMMISSION OF THE PREDICATE CRIME

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly possessed a firearm in furtherance of a drug trafficking crime.

A "firearm" is any weapon that will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

To prove that the defendant possessed the firearm in furtherance of the crime, the government must prove that the defendant had possession of the firearm and that such possession was in furtherance of the crime. Possession means that the defendant either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm. To possess a firearm in furtherance of a crime means that the firearm helped forward, advance or promote the commission of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some part in furthering the crime in order for this element to be satisfied.

To satisfy this element, you must also find that the defendant possessed the firearm knowingly. This means that he possessed the firearm purposefully and voluntarily, and not by accident or mistake. It also means that he knew that the weapon was a firearm, as we commonly use the word. However, the government is not required to prove that the defendant knew that he was breaking the law.[48]

---

[48] 2-35 Modern Federal—Criminal ¶ 35.14, at Instructions 35-89.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 49

PINKERTON CHARGE

There is another method by which you may evaluate the possible guilt of the defendant for possession a firearm in furtherance of the drug trafficking crime even if you do not find that the government has satisfied its burden of proof with respect to each element of that crime.

If, in light of my instructions, you find, beyond a reasonable doubt, that defendants Patrick Lloyd and Michael Spencer were members of a conspiracy then you may also, but you are not required to, find them guilty of possession a firearm in furtherance of a drug trafficking crime as alleged in Count 2, provided you find, beyond a reasonable doubt, each of the following elements:

> *First*, that the crime charged in the substantive count, that is, Count 2, was committed;
>
> *Second*, that the person or persons you find actually committed the crime were members of the conspiracy you found to have existed;
>
> *Third*, that the substantive crime was committed pursuant to the common plan and understanding you found to exist among the conspirators;
>
> *Fourth*, that the defendant was a member of that conspiracy at the time the substantive crime was committed;
>
> *Fifth*, that the defendant could have reasonably foreseen that the substantive crime might be committed by her co-conspirators.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find the defendant guilty of possession a firearm in furtherance of the drug trafficking crime, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of it.

The reason for this rule is simply that a co-conspirator who commits a crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the crimes committed by its members.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of possession a firearm in furtherance of the drug trafficking crime, unless the government proves, beyond a reasonable doubt, that the defendant personally committed that crime.[49]

---

[49] 1-19 Modern Federal—Criminal ¶ 19.03, at Instruction 19-13; *United States v. Masotto*, 73 F.3d 1233, 1240 (2d Cir. 1996) ("It is well-settled in this Circuit that a jury may be instructed on the *Pinkerton* theory of liability in connection with a charged violation of § 924(c)." (collecting cases)).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 50

QUANTITY—SPECIAL VERDICT QUESTIONS

If you find the defendant guilty of Count 1, you must determine, in accordance with the instructions I have given you, the quantity of heroin, cocaine, and cocaine base, if any, for which the defendant is responsible.  Once you have determined that amount, you must complete the questions on the verdict form related to a determination of the quantity of heroin, cocaine, and cocaine base you hold attributable to the defendant.  Your answers to these questions must be unanimous and must be based upon proof beyond a reasonable doubt.  As shown on the verdict forms, with respect to Count 1 you will need to determine whether the defendant is responsible for:

(1)     At least 1 kilogram or more of a mixture or substance containing heroin; or

(2)     At least 100 grams or more of a mixture or substance containing heroin, but less than 1 kilogram or a mixture or substance containing heroin; or

(3)     Less than 100 grams of a mixture or substance containing heroin.

(4)     At least 280 grams or more of a mixture or substance containing cocaine base; or

(5)     At least 28 grams or more of a mixture or substance containing cocaine base, but less than 280 grams of a mixture or substance containing cocaine base; or

(6)     Less than 28 grams of a mixture or substance containing cocaine base.

(7)     At least 500 grams or more of a mixture or substance containing cocaine; or

(8)     Less than 500 grams or more of a mixture or substance containing cocaine.